UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

U.S. DEPARTMENT OF LABOR,

Defendant.

Case No. 26-cv-02840-TSH

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)**

## I.    INTRODUCTION

Plaintiff Eugene Hart initiated this lawsuit by filing a complaint (ECF No. 1) and two applications to proceed in forma pauperis (ECF Nos. 2-3), which the Court construes as a single application.  For the reasons stated below, the Court **GRANTS** the application but finds the complaint deficient under 28 U.S.C. § 1915(e).  No later than May 1, 2026, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order.  The Court advises Plaintiff that failure to cure these deficiencies could lead to dismissal of this case.

## II.    BACKGROUND

Plaintiff brings this case against the U.S. Department of Labor using a Title VII employment discrimination complaint template.  Under the section for "actions complained of in this suit," Plaintiff checked the boxes "Failure to employ me," "Termination of my employment," and "Other."  Compl. at 1-2.  Plaintiff describes the other acts as "Stalking, illegal Spying, Battle over Controls over my life" and asserts he "Became an National Security, Threat & risk."  *Id.* at 2.

Plaintiff alleges the conduct was discriminatory, checking the boxes for "race or color," "religion," and "Other," noting an "issue with 'Lgbtq' individuals." *Id.*

As the basic facts underlying his claim, Plaintiff alleges "Disclosure causing defamation Slander, with Name Calling & Changing without No Permission or direct Consent," and he states, "if I could prove I am the Source for the 'cause and effect' of most of all things." *Id.* Plaintiff identifies January 28, 2026 as the date on or about which the alleged discrimination occurred, but this is also the date on which he signed the present complaint. *Id.*

The form complaint includes sections for the date on which Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding the alleged discriminatory conduct, *id.* at 2-3, and the date on which the EEOC issued a Notice of Right to Sue letter, *id.* at 3, but no dates are provided in those sections, and Plaintiff did not attach the letter to his complaint as instructed.

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees. Accordingly, the Court **GRANTS** the application to proceed in forma pauperis.

### IV.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.     Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each

United States District Court
Northern District of California

defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.      Application**

### 1.      Exhaustion of Administrative Remedies

As noted above, Plaintiff did not provide the date on which he filed charges with the EEOC. Title VII requires that a complainant file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days in states such as California with their own fair employment practices agencies. 42 U.S.C. § 2000e-5. Before bringing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing a timely charge with the EEOC. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Thus, Plaintiff must clarify whether he has exhausted his administrative remedies.

Further, Plaintiff did not provide the date on which he received a right-to-sue letter from the EEOC or provide a copy of the letter, but he underlined the words "Notice-of-Right-to-Sue letter." Although the "[f]ailure to obtain a federal right-to-sue letter does not preclude federal jurisdiction," it still remains a "general requirement" for a Title VII claim. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104–05 (9th Cir. 2008). Thus, Plaintiff must also clarify whether he received a letter and, if possible, attach a copy of the letter to his amended complaint.

### 2.      Proper Defendant

Plaintiff names the U.S. Department of Labor as the sole defendant, but employment discrimination claims must be brought against "the head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c); *Vinieratos v. U.S. Dept. of Air Force Through Aldridge,* 939 F.2d 762, 772

3

United States District Court
Northern District of California

(9th Cir. 1991) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'"). Plaintiff's amended complaint must therefore name the proper defendant.

3.   **Rule 8**

Under the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up). A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, because Plaintiff is self-represented, the Court must construe the pleadings liberally and afford Plaintiff the benefit of the doubt. *Watison*, 668 F.3d at 1112. However, Plaintiff's pro se status does not relieve Plaintiff of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

The Ninth Circuit has held that "shotgun pleadings," where "a party indiscriminately incorporates assertions from one count to another," can serve as a basis for dismissal under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026); *see id.* at 1290 ("We have a prudential obligation to clarify to district courts that in an appropriate case, like this one, they can dismiss shotgun pleadings."). In other words, shotgun pleadings "that fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis" fail under Rule 8. *Id.* at 1290. Importantly, "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or

4

to imagine the claims that might fit the facts." *Id.* at 1289.

There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025) and citing 61A Am. Jur. 2d *Pleading* § 159 (2025)). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). "But the defendant is not the only interested party affected. '[Shotgun pleadings] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alteration in original)).

Here, Plaintiff's complaint does not comply with Rule 8 because the allegations are vague and conclusory. An *attempt* to plead claims is not enough—the threshold question under Rule 8 is whether a plaintiff pleads sufficient facts to give a defendant "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). For example, the allegations in Plaintiff's complaint do not identify the actors who mistreated him. Plaintiff "should try to specify the misconducts and bad actors [he] complains of so as to provide 'fair notice' of the alleged wrong in a simple, concise, and direct manner." *Saidwal v. Flagship*, 2020 WL 13592978, at *6 (N.D. Cal. Feb. 24, 2020) (citing *Pickard v. WMC Mortg. Corp.*, 2009 WL 3416134, at *3 (E.D. Cal. Oct. 21, 2009) ("[A] pleading may not simply allege a wrong has been committed and demand relief. . . . A plaintiff must allege with at least some degree of

5

United States District Court
Northern District of California

particularity overt facts which defendant engaged in to support plaintiff's claim.").

Further, Plaintiff should identify the dates of the incidents of discrimination he complains of. As noted above, the only date provided in the complaint is January 28, 2026, but Plaintiff lists this as both the date on which the alleged discrimination occurred and the date on which he signed his complaint in the present case. A plaintiff pursuing a Title VII claim "must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell*, 518 F.3d at 1104. Accordingly, Plaintiff should specify in his amended complaint the dates of the alleged discriminatory acts and the date on which he filed a charge with the EEOC.

In general, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek.

## V.   CONCLUSION

For the reasons above, the Court **GRANTS** the application to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint. Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint by May 1, 2026.

### A.   Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); Civ. L.R. 10-1 (an amended pleading "may not incorporate any part of a prior pleading by reference."). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint

must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (26-cv-02840-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

## B.    Assistance for Self-Represented Litigants

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at

https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:

United States District Court
Northern District of California

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: April 3, 2026

THOMAS S. HIXSON
United States Magistrate Judge

8